## Richmond

VIRGINIA FIBRE CORPORATION, et al.

v.

WALLACE D. MOORE

No. 0446-93-2

Decided February 8, 1994

COUNSEL

Melissa Warner Scoggins (Linda Davis Frith; Gentry, Locke, Rakes & Moore, on brief), for appellants.

No brief or argument for appellee.

OPINION

**KOONTZ, J.**—Virginia Fibre Corporation (Virginia Fibre) and its workers' compensation insurer, American Manufacturers Mutual Insurance Company, appeal a decision of the Workers' Compensation Commission (the commission) awarding permanent partial disability to claimant Wallace D. Moore (Moore) for a 15 percent hearing loss in his right ear and a 43.3 percent hearing loss in his left ear. Virginia Fibre maintains that it is entitled to offset Moore's hearing loss by his measurable pre-employment hearing loss, thereby reducing the level of hearing loss attributable to the employment and correspondingly lowering the compensation benefits due. For the reasons that follow, we affirm the decision of the commission.

Moore began employment with Virginia Fibre as a mechanic in 1975. Prior to his first exposure to occupational hearing noise, Moore received a "baseline" hearing test. The test indicated that Moore had a measurable hearing loss that did not rise to the level of compensability at that time. In November 1991, Moore submitted a claim for hearing loss based on an audiogram from June, 1991 showing an increased loss of hearing compared with the 1975 test. Virginia Fibre disputed Moore's claim, arguing that his pre-employment hearing loss should offset in part the results of his current loss, thereby reducing the percentage of loss attributable to Virginia Fibre.

A deputy commissioner considered the case on the record with no testimony, ruling for Moore and awarding compensation for the full measure of Moore's hearing loss. The commission affirmed the ruling of the deputy commissioner, stating that because the pre-employment hearing loss did not rise to the level of compensability, that loss would not mitigate the subsequent injury. We agree.

Virginia Fibre cites *Walsh Constr. Co. v. London*, 195 Va. 810, 80 S.E.2d 524 (1954), as authority for the principle that a "practical and common sense" application should control the rule that employers are liable only for the degree of injury caused by the employment. However, *Walsh* does not stand for the principle that loss to a sense organ should be measured by pre-injury and post-injury function. Rather, *Walsh* involved a comparison of pre-injury and post-injury utility. The "practical and common sense" result reached by the Supreme Court in *Walsh* was that where a pre-existing injury to or disability in a sense organ did not materially affect the employee's overall ability to use the organ, no benefit would accrue to the em-

ployer for any pre-injury disability to the organ. *Id.* at 818, 80 S.E.2d at 528. The claimant in *Walsh* received full compensation for his eye injury even though he had poor, but correctable, eyesight prior to the injury. *Id.*

We are similarly unpersuaded by the case of *Noblin v. Randolph Corp.*, 180 Va. 345, 23 S.E.2d 209 (1942), and three opinions of the Industrial Commission referred to in Virginia Fibre's brief, *Miller v. Wilson Laurel Farms*, 52 O.I.C. 178 (1970); *McCarty v. Rockingham Poultry Marketing Co-op.*, 33 O.I.C. 366 (1951); *Lefler v. Dixie Constr. Co.*, 9 O.I.C. 656 (1927). Each of these claims involved pre-existing disabilities *above the level of compensability* for which employers received some offset, distinguishing them from the present case.

Virginia Fibre's reliance on *Calabro v. Campbell Soup*, 581 A.2d 1318 (N.J. Super. Ct. App. Div. 1990), *aff'd*, 597 A.2d 83 (N.J. 1991) (*per curiam*), fails to take into account several essential points distinguishing that case. In *Calabro*, the issue was apportionment of full compensation between two insurers. 581 A.2d at 1319. Moreover, the New Jersey Court based its ruling on apportionment statutes that have no parallel in this Commonwealth. *Id.* at 1325 (citing N.J.S.A. §§ 34:15-12d & 34:15-35.20). All of the cases and statutes discussed in *Calabro* involved subsequent injuries to claimants after previous *compensable* industrial losses. *See, e.g., Scheier v. Garden State Forge Co.*, 347 A.2d 362 (N.J. Super. Ct. App. Div. 1975).

The commission noted the provision in the Code that relieves an employer from liability for that portion of a compensable injury that pre-existed the employer-employee relationship and the injurious work-related exposure. Code § 65.2-505. We concur in the commission's conclusion that the legislative intent behind that provision extends only to pre-existing injuries that place the employee's disability at or above a defined level of compensability.

In this case, there is no dispute that Moore's pre-employment hearing loss did not equal or exceed the 26 decibel loss required for compensation eligibility. Accordingly, we affirm the commission's finding that Moore was entitled to compensation in an amount proportional to his percentage of hearing loss at the time of his 1991 audiogram without offset for his pre-employment level of disability.

*Affirmed.*

Benton, J., and Willis, J., concurred.