COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

LARRY DEAN BARTLEY

v.   Record No. 2004-96-2                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
CAROLINA STEEL CORPORATION AND            FEBRUARY 4, 1997
 LIBERTY MUTUAL INSURANCE COMPANY

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Robert L. Flax; Flax & Stout, on brief), for
               appellant.

               (Gregory T. Casker; Daniel, Vaughan, Medley &
               Smitherman, on brief), for appellees.


     Larry Dean Bartley (claimant) contends that the Workers'

Compensation Commission (commission) erred in awarding him

permanent partial disability benefits based upon a 12.5%

impairment rating to his right knee rather than awarding him

benefits based upon the entire 25% impairment rating rendered by

Dr. Robert W. Sydnor.  Upon reviewing the record and the briefs

of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

     So viewed, the evidence showed that Dr. Sydnor, claimant's

_____

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

treating orthopedic surgeon, opined that claimant's right knee injury caused by his November 18, 1993 compensable industrial accident was superimposed on preexisting degenerative changes in claimant's right knee, which were causally related to a 1979 accident. Dr. Sydnor opined that claimant suffered from a 25% impairment of his right lower extremity. Dr. Sydnor stated that 12.5% of the 25% impairment rating was causally related to preexisting degenerative changes in claimant's right knee due to the 1979 injury and 12.5% of the rating was causally related to claimant's compensable November 18, 1993 industrial injury. Claimant's testimony, which was corroborated by two witnesses, established that claimant suffered no loss of use of his right leg prior to the November 18, 1993 industrial injury.

The commission awarded claimant permanent partial disability benefits based upon the 12.5% impairment rating rendered by Dr. Sydnor, giving employer credit for the 12.5% impairment causally related to preexisting degenerative changes due to the 1979 accident. Claimant contends that the commission erred in not awarding him permanent partial disability benefits based upon the entire 25% impairment rating.

Dr. Sydnor's opinions provide ample support for the commission's finding. Dr. Sydnor opined that only half of claimant's permanent disability to his right lower extremity was causally related to his compensable November 18, 1993 industrial injury. An employer is not liable for that portion of a

2

compensable injury that preexisted the employer/employee relationship.  See Virginia Fibre Corp. v. Moore, 17 Va. App. 691, 693, 440 S.E.2d 432, 434 (1994) (citing Code § 65.2-505), aff'd, 249 Va. 1, 452 S.E.2d 360 (1995).

Based upon this record, we cannot find as a matter of law that claimant's evidence proved he was entitled to an award of permanent partial disability benefits based upon a 25% impairment rating.  Accordingly, the commission did not err in awarding claimant permanent partial disability benefits based upon the 12.5% impairment rating to his right lower extremity.

For these reasons, we affirm the commission's decision.

Affirmed.